IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-08-CR-0348-O(5) NO. 3-12-CV-0168-O-BD |
| FABIAN MUYABA | § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Fabian Muyaba, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant and four others were charged in a 39-count indictment stemming from a tax fraud conspiracy. Three co-conspirators, including defendant, were tried jointly. A jury convicted defendant on seven counts,[1] including: (1) conspiracy in violation of 18 U.S.C. § 371; (2) preparation of false income tax returns in violation of 26 U.S.C. § 7206(2); and (3) identity fraud in violation of 18 U.S.C. § 1028(a)(7) & (c)(3)(A). Punishment was assessed by the district court at a total of 120 months confinement, followed by a two-year term of supervised release. His convictions and sentence were affirmed on direct appeal. *United States v. Mudekunye*, 646 F.3d 281 (5th Cir. 2011). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

---

[1] Defendant was charged in 10 of the 39 counts of the indictment. At the conclusion of the government's case-in-chief, the district court dismissed three of the counts for insufficient evidence. (*See* Gov't Resp. App., Exh. 2, Trial Tr. at 162-63).

II.

In multiple grounds for relief, defendant contends that: (1) he received ineffective assistance of counsel at trial and on appeal; (2) his convictions were the result of prosecutorial misconduct; (3) his sentence is unreasonable; and (4) he is actually innocent.

A.

Defendant contends that his legal representation at trial and on appeal was deficient in numerous respects. As best the court understands his claims, defendant appears to argue that his attorney: (1) did not adequately investigate the case; (2) failed to object to the admission of certain evidence; (3) did not present a defense; (4) failed to object to discovery violations by the prosecutor; (5) did not adequately cross-examine government witnesses; (6) failed to ask for separate trials from his co-defendants; and (7) did not object to two sentence enhancements. Defendant also claims that the combination of these errors deprived him of a fair trial.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the defendant must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1311 (1990). In order to obtain federal habeas relief, a

defendant must affirmatively show how the actions of his attorney deprived him of a fair trial. *See Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

2.

Many of the criticisms leveled at defense counsel involve his failure to establish that defendant never worked at Reliable Tax Service ("Reliable") -- one of the entities through which defendant and a co-conspirator, Joseph Mudekunye, allegedly prepared fraudulent tax returns on behalf of clients. According to defendant, his attorney: (1) failed to adequately investigate the case by "[a]sking the right people the right questions" to prove that he never worked at Reliable; (2) did not object to evidence and testimony suggesting that defendant's work at Efficient Tax Service ("Efficient") overlapped with criminal conduct occurring at Reliable; (3) failed to call witnesses who would testify that defendant never worked at Reliable; (4) and did not complain about the government's failure to produce unspecified exculpatory evidence. Defendant raised essentially the same claim when he argued on direct appeal that the evidence was insufficient to establish that he worked at Reliable. *See Mudekunye*, 646 F.3d at 285-86. In rejecting that claim, the Fifth Circuit held:

> The evidence established that Muyaba worked as a tax preparer at Reliable; had a cubicle there; was engaged by many clients when they visited it for tax-filing help; and was one of several of its tax preparers who fraudulently prepared returns. A rational trier of fact could find, beyond a reasonable doubt, that Muyaba was part of the conspiracy.

\* \* \* \*

> Evidence [also] established that, while working at Reliable (and Efficient), Muyaba presented himself as a tax-return preparer; discussed tax returns and refunds with his clients; received tax-preparation information from them; and claimed business losses, credits, and deductions on their returns that were neither substantiated nor requested.

*Id.* No matter how phrased, defendant cannot relitigate this issue on collateral review. *See United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.), *cert. denied,* 106 S.Ct. 1977 (1986) (claims raised and resolved in a prior appeal may not be revisited on collateral review). In any case, defendant fails to allege any facts to support his claim that counsel should have conducted additional investigation, objected to unspecified evidence and discovery violations, called unidentified witnesses, and asked additional questions on cross-examination. These conclusory assertions do not merit post-conviction relief. *See Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir.), *cert. denied,* 121 S.Ct. 122 (2000) (conclusory allegations insufficient to raise a cognizable claim of ineffective assistance of counsel).

3.

Defendant also criticizes defense counsel for failing to ask for separate trials for him and his two co-defendants -- Mudekunye and Nichelle Henson. All three defendants allegedly participated in the same conspiracy to aid and assist in the preparation of fraudulent tax returns. As such, they were properly joined and tried together pursuant to Fed. R. Crim. P. 8(b).[2] A defendant seeking severance "bears a heavy burden of proving the need for a separate trial and 'specific and compelling prejudice' if he is tried with his codefendants." *Perkins v. United States,* No. 3-00-CV-2042-M, 2002 WL 368523 at *8 (N.D. Tex. Mar. 6, 2002), *aff'd,* 73 Fed.Appx. 81, 2003 WL 21756812 (5th Cir. Jun. 25, 2003), *cert. denied,* 124 S.Ct. 1040 (2004), *quoting United States v. Dillman,* 15 F.3d 384, 392 (5th Cir.), *cert. denied,* 115 S.Ct. 183 (1994). Here, there is no indication that defendant was

---

[2] Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

FED. R. CRIM. P. 8(b).

prejudiced as a result of being tried jointly with his co-defendants. Even if the evidence presented at trial showed greater culpability by other defendants -- which does not appear to be the case -- the court instructed the jury that it must give separate consideration to each individual defendant and to each separate charge against them. *See United States v. Muyaba*, No. 3-08-CR-348-O(05), Doc. #252 at 11. The jury apparently heeded that instruction, since it acquitted defendant on three of 10 counts and found Mudekunye guilty on six of 12 counts. *See Mudekunye*, 646 F.3d at 284. The jury instructions cured any possibility of prejudice. *See Perkins*, 2002 WL 368523 at *9, *citing Schaffer v. United States*, 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1960).[3]

4.

Next, defendant faults his lawyer for failing to object to two different sentence enhancements: (1) a two-level enhancement for his role as an organizer or leader in the tax fraud scheme, *see* U.S.S.G. § 3B1.1(c); and (2) a two-level enhancement for obstruction of justice by committing perjury at trial, *see* U.S.S.G. § 3C1.1(A). Although defense counsel did not object to these enhancements, defendant filed his own objections to the PSR. (*See* Gov't Resp. App., Exh. 3, 2d PSR Add. at 7-8 & Exh. 4, Sent. Tr. at 6, 21-22). Both objections were overruled -- a ruling affirmed by the Fifth Circuit on direct appeal. *See Mudekunye*, 646 F.3d at 286-87. In view of these rulings, it would have been futile for counsel to make the objections suggested by defendant. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make meritless objection cannot be grounds for ineffective assistance of counsel).

---

[3] Although defendant did not raise the severance issue on direct appeal, Mudekunye appealed his conviction on the ground that, *inter alia*, he and defendant should have received separate trials. The Fifth Circuit found no evidence of prejudice because "[d]efendants' being acquitted on some charges reflects the jury was able to consider, and weigh separately, each of the charges." *Mudekunye*, 646 F.3d at 288-89.

5.

Defendant contends that the combination of these errors deprived him of a fair trial. This argument implicates the cumulative error doctrine, which provides that "an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Munoz*, 150 F.3d 401, 418 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 887 (1999). Here, defendant has failed to establish *any* error in the conduct of his criminal trial. Therefore, relief is not available under the cumulative error doctrine. *See Miller*, 200 F.3d at 286 & n.6 (habeas petitioner who failed to demonstrate any error by trial counsel could not establish cumulative error).

6.

Defendant argues that he received ineffective assistance of counsel on appeal because his lawyer did not challenge in his conviction on certain grounds, including those raised by defendant in his section 2255 motion. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312-13, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004). In order to prove ineffective assistance of appellate counsel, a defendant must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id.*, quoting *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Appellate counsel filed a 53-page brief challenging defendant's convictions on multiple grounds, including: (1) insufficient evidence; (2) improper application of U.S.S.G. § 3B1.1(c) and U.S.S.G. § 3C1.1(A); and (3) the imposition of consecutive, rather than concurrent, sentences for certain counts of conviction. *See Mudekunye*, 646 F.3d at 285-86. Although counsel did not raise actual innocence or the other grounds suggested by defendant, there is no reason to believe that any of those grounds would have been successful. In fact, most of the claims defendant believes should have been presented on direct appeal have been rejected by this court. *See Coker v. Thaler*, 670 F.Supp.2d 541, 554 (N.D. Tex. 2009) (appellate counsel was not ineffective for failing to appeal conviction on grounds that were considered and rejected on post-conviction review).

B.

Defendant alleges that the prosecutor "deceived" the jury by presenting "manipulated evidence" to suggest that he worked at Reliable. (*See* Def. Mem. Br. at 57-63). Post-conviction relief under section 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude which could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *See United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992). In order to raise an issue for the first time on collateral review, a defendant must show "cause" for his procedural default and "actual prejudice" resulting from the error. *See United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). To satisfy the "cause" standard, a defendant must show that "some objective factor external to the defense" prevented him from raising the claim on direct appeal. *See United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996). "Actual prejudice" exists when the errors alleged by defendant "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 102 S.Ct. at 1596 (emphasis in original). The only recognized exception to this rule is in an "extraordinary case"

where "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *See Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

Even if defendant were able to establish "cause" for failing to raise a claim of prosecutorial misconduct on direct appeal, there is no evidence that the prosecutor manipulated evidence, instructed witnesses to provide perjured testimony, or engaged in any other misconduct. Defendant's conclusory allegations of prosecutorial misconduct are insufficient to merit post-conviction relief. *See Pierson v. Thaler*, No. 4-10-CV-0717-Y, 2011 WL 7006878 at *6 (N.D. Tex. Nov. 15, 2011), *rec. adopted*, 2012 WL 104982 (N.D. Tex. Jan. 12, 2012), *appeal filed*, Jan. 27, 2012 (No. 12-10122).

C.

Defendant argues that his sentence is "unreasonable" because of the two-level enhancement for his leadership role in the conspiracy and the two-level enhancement for obstruction of justice. Not only were these claims raised and rejected on direct appeal, but a misapplication of the sentencing guidelines does not fall within the narrow category of claims subject to review under section 2255. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). This ground for relief should be overruled.

D.

Finally, defendant maintains that he is actually innocent because he did not assist or aid in the filing of a false tax return. This claim fails for two reasons. First, a claim of actual innocence is insufficient to merit post-conviction relief absent an underlying constitutional violation. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). Second, the

Fifth Circuit determined on direct appeal that the evidence was sufficient to support defendant's convictions for conspiracy and assisting in the preparation of fraudulent tax returns. *See Mudekunye*, 646 F.3d at 285-86.

### RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 30, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE