# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| FABIAN MUYABA, #37471-177 | ) | |
|      Movant-Defendant, | ) | |
| vs. | ) | No. 3:12-CV-168-O (BH) |
| | ) | No. 3:08-CR-348-O (05) |
| UNITED STATES OF AMERICA, | ) | |
|      Respondent-Plaintiff. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251* and an order of reference, before the Court is the *Motion for Relief from Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)*, received on July 16, 2014 (doc. 36).  Based on the relevant filings, evidence and applicable law, the motion should be construed as a successive motion under 28 U.S.C. § 2255 and **DISMISSED.**

## I. Background

Fabian Muyaba (Movant) was convicted by a jury of conspiracy in violation of 18 U.S.C. § 371; preparation of false tax returns in violation of 26 U.S.C. § 7206(2); and identity fraud in violation of 18 U.S.C. § 1028(a)(7) & (c)(3)(A).  The Court sentenced him to 120 months of incarceration, to be followed by a two-year term of supervised release.  His conviction and sentence were affirmed on direct appeal.  *United States v. Mudekunye,* 646 F.3d 281 (5th Cir. 2011).

On January 17, 2012, Movant filed a *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* to challenge his federal conviction and sentence in Cause No. 3:08-CR-0348-O (5).  (*See* doc. 1.)  It was recommended on May 30, 2012, that Movant's § 2255 motion be denied. (doc. 8).  Movant objected to the recommendation on June 19, 2012, filed an addendum to his § 2255 motion on July 5, 2012, and filed another addendum on July 13, 2012.  (*See* docs. 9-11).  The Court accepted the recommendation, denied his § 2255 motion and entered judgment on October 11, 2012.  (*See* doc. 12).  Movant appealed, and the Fifth Circuit denied him a certificate of

appealability on July 30, 2013. (*See* doc. 27). He then filed a Rule 60(b) motion seeking relief from

the judgment on October 7, 2013 (doc. 28), and the motion was dismissed in part as successive and

denied in part on October 18, 2013 (doc. 30). Movant appealed the denial of the motion, and the

Fifth Circuit denied him a certificate of appealability on May 22, 2014. (*See* doc. 35). He has again

filed a motion for relief under Rule 60(b)(6).

## II.  Rule 60(b) and 28 U.S.C. § 2255

Although the motion expressly seeks relief under Rule 60(b)(6),[1] Movant actually challenges

the underlying criminal judgment and sentence, as he repeatedly claims the loss amount calculation

at his sentencing proceeding was in violation of the Constitution. Specifically, he argues that the

Court erred at sentencing by removing the loss calculation from the jury, in violation of his Sixth

Amendment right to a jury trial. (Mot. at 1-2,3, 5-6.) Movant does not argue any error on this

Court's part in the resolution of the prior § 2255 motion.

The United States Court of Appeals for the Fifth Circuit has held that "motions that federal

prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their conviction

on constitutional grounds," should be treated as § 2255 motions. *United States v. Rich*, 141 F.3d 550,

551 (5th Cir. 1998) (noting there is a "trend among circuit courts to look beyond the formal title

affixed to a motion if the motion is a functional equivalent of a motion under § 2255") (citations

---

[1] Rule 60(b) of the Federal Rules of Evidence provides that a court may relieve a party from a final judgment or order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* RULE 60(c)(1). Movant expressly invokes the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).

omitted)). In *Gonzalez v. Crosby*, 545 U.S. 524, (2005), the Supreme Court held that a Rule 60(b) motion for relief from judgment in a habeas case brought under 28 U.S.C. § 2254 is properly characterized as a second or successive petition subject to 28 U.S.C. § 2244(b), if, among other things, it "seeks to add a new ground for relief." *Gonzalez*, 545 U.S. at 530-32 (noting that "§ 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b)"). Although *Crosby* only addresses the extent to which Rule 60(b) applies to § 2254 cases, its rationale also applies to review of a Rule 60(b) motion filed subsequently to the resolution of a § 2255 motion. *See United States v. Bell*, 369 F. App'x. 610, 611 (5th Cir. 2010) (per curiam) ("A Rule 60(b) motion filed in a collateral proceeding should be construed as a successive § 2255 motion, even where the motion seeks to raise a claim based on a change in the law")(citing *Gonzalez*, 545 U.S. at 531-32, and *Rich, 141 F.3d at 551-53*)).  Because the Rule 60(b)(6) motion seeks to raise a constitutional ground for relief against the 2009 judgment in the underlying criminal case, it should be construed as a successive motion under 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals. *See* 28 U.S.C.A. § 2255(h) (West Supp. 2014); *see also* 28 U.S.C.A. § 2244(b)(3)(A)(West 2006). Since the motion, as construed, was filed after the effective date of the AEDPA, this Court is without jurisdiction to consider it unless leave to file is granted by the Fifth Circuit. The motion, as construed, should be dismissed without prejudice to Movant's right to file a motion in the appellate court for leave to file a successive § 2255 motion pursuant to 28 U.S.C. § 2255(h)(2) and § 2244(b)(3)(A).

### III. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. *See* Fed. R. App. P. 22(b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2010). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2010). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Based on the record, Movant has not made a showing that reasonable jurists would question this Court's rulings, and it should deny him a certificate of appealability. *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

### IV. Recommendation

The motion for relief under Federal Rule of Civil Procedure 60(b)(6) should be construed as a motion for relief under 28 U.S.C. § 2255. The Clerk of Court should be directed to open a new civil case, directly assign the new case to the same district and magistrate judge as in this case, and file the Rule 60(b) motion and this order in the new case. The motion, construed as seeking relief under 28 U.S.C. § 2255, should be **DISMISSED WITHOUT PREJUDICE** to Movant's right to

file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive

§ 2255 motion.  A certificate of appealability should be denied.

**SIGNED this 18th day of August, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE