IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FABIAN MUYABA, #37471-177       ) | |
|     Movant-Defendant,       ) | |
| vs.       ) | No. 3:12-CV-168-O (BH) |
|            ) | No. 3:08-CR-348-O (05) |
| UNITED STATES OF AMERICA,       ) | |
|     Respondent-Plaintiff.       ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case (ECF No. 38). Movant filed objections (ECF No. 39). The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the findings and conclusions of the Court.[1]

For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, Movant's Rule 60(b) motion (ECF No. 36) is construed as a successive 28 U.S.C. § 2255 motion. The Clerk of Court is directed to open a new civil case, directly assign the new case to the same district and magistrate judge as in this case, and file the Rule 60(b) motion and this order in the new case. The motion, construed as seeking relief under 28 U.S.C. § 2255, is **DISMISSED without prejudice** to Movant's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2255 motion.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the

---

[1] Although not affecting the Court's decision, the Court notes that the jury did not convict defendant of identity fraud in violation of 18 U.S.C. § 1028(a)(7) & (c)(3)(A) as the Findings, Conclusions, and Recommendation states. *See* Judgment as to Fabian Muyaba at 1, *United States v. Akhigbe et al.*, No. 3:08-cr-00348-O-5 (N.D. Tex. Oct. 7, 2009), ECF No. 195.

record in this case and the recommendation of the Magistrate Judge, Movant is **DENIED** a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation in support of its finding that Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

In the event that Movant files a notice of appeal, he is informed that he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SO ORDERED this 14th day of October, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2]  Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.